UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH WILLIAMS

VERSUS

EMPLOYERS MUTUAL CASUALTY
COMPANY D/B/A EMC INSURANCE
COMPANIES AND ITS AFFILIATES

CIVIL ACTION

NO. 13-499-JJB-RLB

**RULING**

This matter is before the Court on Defendant Employers Mutual Casualty Company's ("EMC") Motion (doc. 16) for Summary Judgment. The plaintiff opposes the motion. (Doc. 22). Jurisdiction is based on 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons provided herein, the Court **DENIES** the Motion (doc. 16) for Summary Judgment.

**Background**

This case arises out of an accident on or about July 11, 2011, where the plaintiff Joseph William's vehicle collided with a vehicle driven by Jimmy Bell. At the time of the accident, Joseph Williams was operating a vehicle owned by his employer Clean Sweep, Inc. According to the complaint, the plaintiff sustained "contusions and trauma to the body" as a result of the accident, and the sole and proximate cause of the accident was the fault of Jimmy Bell. (Doc. 1-4, p. 2, ¶ 8). Jimmy Bell and his insurer GEICO have settled with the plaintiff and tendered the policy limit. However, Jimmy Bell was underinsured at the time of the accident. As a result, the plaintiff now seeks to recover from EMC, which had "issued a Business Auto Policy to Clean Sweep, Inc., . . . which . . . provides uninsured/underinsured motorist coverage to Clean Sweep's permittee drivers." (Doc. 16-2, p. 3). In his amended petition, the plaintiff also claims that EMC engaged in bad faith when it "responded in an arbitrary and capricious manner with only a minor tender" after the plaintiff "presented satisfactory proof of loss." (Doc. 14, p. 1).

1

The plaintiff filed suit in a Louisiana state court seeking to recover under the EMC policy, and the defendant subsequently removed the case to this Court. Thereafter, the defendant submitted the pending motion for summary judgment. In the motion, the defendant contends that Plaintiff Joseph Williams "made material misrepresentations concerning his employment and ability to work in presenting his claim to Employers Mutual" and "[u]nder the clear and unambiguous policy provisions in effect and Louisiana jurisprudence, coverage is voided when an insured makes such a misrepresentation." (Doc. 16, p. 1). Accordingly, the defendant seeks dismissal of all claims.

In opposition, the plaintiff contends that the policy only allows for voidance of coverage when the intentional misrepresentation is made at the time of "application." Nevertheless, even if the policy allows for voidance of coverage for intentional misrepresentations in the present case, the plaintiff contends that he did not make any material, intentional misrepresentations concerning his ability to work. Accordingly, the plaintiff argues that summary judgment should be denied at the present time.

**Analysis**

1. Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-

moving party's case. *Id.* However, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2. <u>Voidance of Coverage Under the Insurance Contract</u>

As the defendant is seeking summary judgment on an issue that it will bear the burden of proof at trial, the defendant must "establish beyond peradventure all of the essential elements of

3

the claim or defense to warrant judgment in [its] favor." *Fontenot*, 780 F.2d at 1194. First and foremost, the Court must determine whether the insurance policy permits voidance of coverage as a result of a material misstatement. The plaintiff's primary contention is that the policy only permits voidance of coverage for a material misstatement in the process of submitting the initial application to obtain the policy. (*See* doc. 22-1, p. 3–5). The relevant amendment to the insurance policy provides the following:

> **5. Concealment, Misrepresentation Or Fraud**
>
> Condition is replaced by the following:
>
> This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. **It is also void if you or any other "insured," at any time, intentionally conceal or misrepresent a material fact concerning:**
>
> a. This Coverage Form;
> b. The covered "auto";
> c. Your interest in the covered "auto"; or
> d. **A claim under this Coverage Form.**
>
> **However, such voidance of coverage applies only to the extent that such acts or omissions are made with the intent to deceive at the time of application under this Coverage Form.**

(Doc. 16-5, p. 77) (emphasis added).

"An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code." *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994) (citing *Smith v. Matthews*, 611 So. 2d 1377, 1379 (La. 1993); *Central Louisiana Elec. Co. v. Westinghouse Elec. Corp.*, 579 So. 2d 981, 985 (La. 1991)). "The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent." *Id.* (citing La. Civ. Code art. 2045; *Garcia v. St. Bernard Parish School Bd.*, 576 So. 2d 975, 976 (La. 1991)). "The parties' intent as reflected by the words in the policy determine [sic] the extent of coverage." *Id.* (citing *Trinity Industries, Inc. v.*

*Ins. Co. of North America*, 916 F.2d 267, 269 (5th Cir. 1990)). "Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning." *Id.* (citing La. Civ. Code art. 2047; *Breland v. Schilling*, 550 So. 2d 609, 610 (La. 1989); *Capital Bank & Trust Co. v. Equitable Life Assur. Society of United States*, 542 So. 2d 494, 497 (La. 1989)). Nevertheless, "[a]n insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." *Id.* (citing *Lindsey v. Poole*, 579 So. 2d 1145, 1147 (La. App. 2d Cir. 1991); *Harvey v. Mr. Lynn's, Inc.*, 416 So. 2d 960, 962 (La. App. 2d Cir. 1982); *Jefferson v. Monumental General Ins. Co.*, 577 So. 2d 1184, 1187 (La. App. 2d Cir. 1991)).

In the present matter, even looking at the evidence in the light most favorable to the plaintiff, it would be absurd to interpret the insurance contract as only prohibiting fraud and providing for voidance of coverage in instances where the intentional, material misrepresentation occurred in the initial process of applying for the insurance contract. This interpretation ignores the clear and unmistakable wording that coverage is voided whenever an insured intentionally conceals or misrepresents a material fact concerning "[a] claim under this Coverage Form." (Doc. 16-5, p. 77). The express language then goes on to limit voidance "only to the extent that such acts or omissions are made with the intent to deceive at the time of application under this Coverage Form." *Id.* The plaintiff focuses on the "application" language and argues that this limits voidance to situations involving the initial application to receive coverage. But, this argument ignores the clear wording that voidance occurs when there is intentional concealment or misrepresentation concerning a claim under the Coverage Form, or the language that limits voidance to application "under" the Coverage Form. Clearly, there would be no Coverage Form

5

if there was no existing insurance policy. And there would be no claim under the Coverage Form if there was no existing policy potentially providing coverage. Therefore, based on the clear language, the insurance policy does contemplate the potential voidance of coverage if an insured intentionally conceals or misrepresents a material fact when making a claim pursuant to the insurance policy. However, that voidance is limited to the extent that this concealment or misrepresentation is made with the intent to deceive at the time of making the claim.

3. <u>Material Misrepresentation or Concealment by Plaintiff Joseph Williams</u>

As the Court has determined that the policy contains language providing for voidance of coverage in the event of an intentional omission or misrepresentation of a material fact when making a claim, the Court next must determine whether the plaintiff has shown that there is no genuine issue of material fact that the Plaintiff Joseph Williams engaged in behavior sufficient to void coverage. Based on the clear policy language, in order to void coverage, the insured must intentionally conceal or misrepresent a material fact when making a claim. (Doc. 16-5, p. 77). The defendant avers that the plaintiff made multiple, intentional misrepresentations concerning his ability to work post-accident throughout the proceedings.

However, looking at the relevant evidence in the light most favorable to the non-moving party, the Court finds that the defendant failed to establish beyond peradventure that the plaintiff intended to make a material misrepresentation, and therefore, the defendant failed to establish that there is no genuine issue of material fact. First, the plaintiff did not claim in his petition for damages that he was unable to work; rather, he seeks damages for "[l]oss of income and earning capacity" as a result of the accident. (Doc. 16-4, p. 2, ¶ 9). Furthermore, looking at the deposition in the light most favorable to the plaintiff, it reasonably appears that Mr. Williams was confused when asked the question about his work history after the accident. (*See* doc. 16-6, p. 2). More

importantly, after his attorney clarified the question, Mr. Williams readily volunteered that he tried working with "J's Floors & More." (Doc. 22-4, p. 2–3). Later in that same deposition, opposing counsel notes that he has an orthopedist report indicating that Mr. Williams attempting "light janitorial work cleaning bathrooms in a business." (Doc. 22-4, p. 4). Mr. Williams then indicated that he had problems working, including increased pain if standing on his injured leg too long. *Id.*

In the portions of the deposition that this Court viewed, Mr. Williams never stated that he is completely unable to work. Rather, the closest he gets to making any semblance of that assertion is when he provides that he has trouble working for long periods of time. (*See* doc. 22-4, p. 5, lines 6–22). Nevertheless, in that same deposition, he readily admits that he attempted to do some janitorial work, but his options were limited based on his health problems. (Doc. 22-4, p. 5, lines 6–20). While there is a notation in his medical charts that he discontinued the janitorial work due to increasing pain, this medical record was composed over five months prior to the deposition. (Doc. 16-7, p. 6). Also, based on the overall deposition, it appears that Mr. Williams was confused by the questions regarding his work, and thus, even if he did make a material misrepresentation or omission—which this Court does not find at this time—there is at least a genuine issue of material fact regarding whether it was made intentionally, as opposed to being made out of confusion or a misunderstanding. Accordingly, looking at the evidence in the light most favorable to the plaintiff, the Court finds that the defendant failed to establish that there is no genuine issue of material fact regarding the plaintiff intentionally making a material misrepresentation or omission such as to void coverage, and therefore, summary judgment is not proper at the present time.

**Conclusion**

Therefore, the Court **DENIES** the Defendant Employers Mutual Casualty Company's Motion (doc. 16) for Summary Judgment.

Signed in Baton Rouge, Louisiana, on May 27, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**